# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2186

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Michael Lincoln

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 13, 2023
Filed: April 18, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Steven Michael Lincoln pleaded guilty to being a felon in possession of firearms, possessing an unregistered firearm, and possessing with intent to distribute a controlled substance. The district court[1] imposed 100-month terms of imprisonment

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

on the firearm offenses and a 114-month term of imprisonment on the controlled-substance offense, to run concurrently. The 114-month total sentence was within the advisory U.S. Sentencing Guidelines range. On appeal, Lincoln challenges the substantive reasonableness of his sentence, which we review for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review).

Lincoln argues that the district court erred in weighing the 18 U.S.C. § 3553(a) sentencing factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (district court abuses its discretion when it commits a clear error of judgment in weighing sentencing factors). Specifically, he argues that the district court should have given greater weight to his history and characteristics—*i.e.*, his difficult childhood, his struggles with substance abuse, his acceptance of responsibility, his renewed commitment to recovery, and his mostly misdemeanors, relatively short prison term criminal history. See § 3553(a)(1). The sentencing transcript makes clear that the district court carefully considered those factors, but nonetheless determined that Lincoln had committed "serious crimes that merit significant punishment," particularly in light of his lengthy criminal history. See § 3553(a)(1) and (a)(2)(A). We thus conclude that the district court did not commit any clear error in judgment in deciding to accord substantial weight to the seriousness of Lincoln's drug and firearm offenses. See United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021) ("[Defendant's] assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors in fashioning his sentence."); United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (cleaned up)). Lincoln's sentence is not substantively unreasonable.

The judgment is affirmed.

_____